IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN LEO LAURY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0579-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Kevin Leo Laury, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of aggravated assault and sentenced to 20 years confinement. His conviction and sentence were affirmed on direct appeal. *Laury v. State*, 2003 WL 321545 (Tex. App.--El Paso, Feb. 13, 2003, no pet). Petitioner also filed three applications for state post-conviction relief. The first application was dismissed because a direct appeal was pending. *Ex parte Laury*, No. 56,320-01 (Tex. Crim. App. Jul. 16, 2003). The second application was denied without written order. *Ex parte Laury*, No. 56,320-02 (Tex. Crim. App. May 26, 2004). The third application was dismissed as successive. *Ex parte Laury*, No. 56,320-03 (Tex. Crim. App. Feb. 9, 2005). Petitioner then filed this action in federal court.

II.

Petitioner raises two broad issues in multiple grounds for relief.  Succinctly stated, petitioner contends that:  (1) he received ineffective assistance of counsel; and (2) he was denied an evidentiary hearing by the state habeas court.

In his answer, respondent argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a written reply filed on July 15, 2005.  The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]  This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).  The one-year limitations period is also subject to equitable tolling in "rare and exceptional"

---

[1]  The statute provides that the limitations period shall run from the latest of--

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 20 years confinement for aggravated assault.  The court of appeals affirmed his conviction on February 13, 2003.  Petitioner did not seek further review in the Texas Court of Criminal Appeals.  Therefore, his conviction became final 30 days thereafter, or on March 17, 2003.[2]  TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing).  Petitioner filed three applications for state post-conviction relief.  The first application was filed on April 2, 2003 and dismissed on July 16, 2003.  The second application was filed on September 18, 2003 and denied on May 26, 2004.  The third application was filed on November 5, 2004 and dismissed on February 9, 2005.  Petitioner filed the instant case on March 17, 2005.

The limitations period started to run on March 17, 2003, when petitioner's conviction became final.  *See* 28 U.S.C. § 2254(d)(1)(A).  The AEDPA statute of limitations was tolled from September 18, 2003 to May 26, 2004, a period of 251 days, and from November 5, 2004 to February 9, 2005, a period of 96 days, while properly filed applications for state post-conviction relief were pending.[3]  Even allowing for this tolling period, petitioner still waited more than a year to file his federal writ.

In an attempt to excuse this delay, petitioner argues that his state conviction did not become "final" until the court of appeals issued its mandate on June 13, 2003.  However, a state conviction becomes final for limitations purposes when the time for seeking further direct review expires,

---

[2]  The 30th day after petitioner's conviction was affirmed fell on Saturday, March 15, 2003.  As a result, petitioner had until Monday, March 17, 2003, to file a petition for discretionary review.  *See* TEX. R. APP. P. 4.1(a).

[3]  Petitioner's first state writ, which was dismissed because a direct appeal was pending, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir.), *cert. denied*, 125 S.Ct. 141 (2004).

regardless of when the mandate issues. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). Petitioner further argues that he was not represented by counsel in post-conviction proceedings and had limited access to the prison law library. Neither reason constitutes a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See Wright v. Dretke*, 2005 WL 1214905 at *2 (N.D. Tex. May 23, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1639321 (N.D. Tex. Jul. 11, 2005) (Lynn, J.) (citing cases).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   July 22, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE